(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                   :
LOVELACE THOMASON,                 :
                                   :
              Plaintiff,           :    Civil No. 07-3283 (RBK)
                                   :
         v.                        :    **OPINION**
                                   :
NATIONAL ASSOCIATION OF            :
LETTER CARRIERS, et al.            :
                                   :
              Defendants.          :
_____:

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendant National Association of Letter Carriers ("NALC") to dismiss the complaint of Plaintiff Lovelace Thomason. Further before the Court is a motion by Defendant United States Postal Service ("USPS") for summary judgment on Thomason's claims. Thomason brings suit pursuant to 42 U.S.C. § 1983, alleging NALC and USPS violated his civil rights in connection with the adjudication of grievances he filed against USPS, his employer. For the reasons that follow, both motions will be granted.

**I.    BACKGROUND**

NALC is a union that represents its member USPS employees in negotiations with USPS. (Compl. ¶ 3.) NALC and USPS are parties to a Joint Contract Administration Manual dated November 2005, which outlines the procedures for handling grievances between NALC member

employees and USPS.  (Id. ¶ 5.)  Thomason was employed as a letter carrier for USPS; he was not a member of NALC, however.  (Id. ¶ 6.)  During 2006 and 2007, Thomason filed grievances against management at USPS, and contrary to Thomason's wishes, NALC represented him in the resulting grievance process with USPS.  (Id. ¶¶ 7-8.)  Ultimately, Thomason's employment with USPS was terminated.  (Id. ¶ 12.)

On July 17, 2007, Thomason filed a complaint in this Court, alleging he was denied due process of law when NALC and USPS deprived him of an attorney of his own choosing and an impartial forum for the adjudication of his grievances against USPS.  He alleges his NALC representatives did not afford him adequate representation because USPS management controls, appoints, and pays them.  (Id. ¶¶ 10-11.)  On September 10, 2007, NALC moved to dismiss Thomason's complaint.  On October 17, 2007, USPS moved for summary judgment against Thomason.  Thomason opposes both motions.

## II.    STANSARDS

### A.    Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted).

**B.     Motion for Summary Judgment**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III.    DISCUSSION

Thomason alleges NALC and USPS denied him due process of law when they prevented him from employing counsel of his own choosing during grievance proceedings and "forc[ed] an improper forum upon [him]."  NALC and USPS assert two arguments in support of their motions.  First, they argue Thomason cannot set forth a claim pursuant to 42 U.S.C. § 1983 because they did not act under color of state law.  In addition, they argue NALC was entitled to undertake representation of Thomason in its capacity as the exclusive collective bargaining representative of all USPS letter carriers.  The first argument raises a threshold jurisdictional question, which the Court must address.

> Section 1983 provides in relevant part:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States and second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  "A person acts under color of state law only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"  Polk County v. Dodson, 454 U.S. 312, 317-18 (1981) (quoting United States v. Classic, 313 U.S. 299, 326 (1941)).  Furthermore, "[b]ecause section 1983 provides a remedy for violations of federal law by persons acting pursuant to state law, federal agencies and officers are facially exempt from

section 1983 liability inasmuch as in the normal course of events they act pursuant to federal law." Hindes v. F.D.I.C., 137 F.3d 148, 158 (3d Cir. 1998) (citing District of Columbia v. Carter, 409 U.S. 418, 425 (1973)).

Neither NALC nor USPS acted under color of state law with respect to Thomason. USPS is a federal agency, and is thus facially exempt from Thomason's § 1983 claim. NALC, while not a federal entity, derives its authority to represent employees in grievances from a federal statute, the Postal Reorganization Act of 1970 ("PRA"), Pub. L. No. 91-375, 84 Stat. 720 (1970) (codified as amended at 39 U.S.C.). Specifically, the PRA affords "exclusive recognition to a labor organization when the organization has been selected by a majority of the employees in an appropriate unit as their representative." 39 U.S.C. § 1203. NALC is the union presently serving in that capacity. (See Compl. ¶ 3.) Therefore, both USPS and NALC in performing the actions about which Thomason complains, were acting pursuant to federal law, rather than under color of state law. As such, this Court has no power to entertain Thomason's complaint. See Dodson, 454 U.S. at 336 (noting question of whether person acts under color of state law goes to federal court's subject matter jurisdiction over a complaint).

IV.  CONCLUSION

Based on the foregoing reasoning, the Court will grant both NALC's motion to dismiss and USPS's motion for summary judgment. An accompanying Order shall issue today.

Dated: June 24, 2008                                                  s/ Robert B. Kugler
                                                                      ROBERT B. KUGLER
                                                                      United States District Judge